UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONATHAN L. BOLDEN ]
    Plaintiff, ]
]
v. ] No. 3 05 0758
] JUDGE HAYNES
NORMAN LEWIS (SHERIFF), ET AL. ]
    Defendants. ]

## MEMORANDUM

Plaintiff, an inmate at the Montgomery County Jail in Clarksville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Norman Lewis, Sheriff of Montgomery County; the Montgomery County Commissioner's Office; Lt. Armstrong and Dr. McGhee; seeking injunctive relief and damages.

According to his complaint, on August 6, 2005, the Plaintiff hurt his back getting down off a bunk at the Montgomery County Jail. Twenty three days passed before a doctor examined Plaintiff. The doctor determined that the Plaintiff was not seriously injured. Plaintiff, however, was prescribed muscle relaxers, but alleges that he still experiences numbness in his leg and a great deal of pain. Plaintiff's claim is that the defendants have failed to provide him with adequate medical care.

According to Plaintiff's complaint, this action is being brought against the defendants in their official capacities only. As such, the Plaintiff is suing the defendants' official office rather than the individuals themselves. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Thus, the Plaintiff's claims are against Montgomery

County, the municipal entity that operates the Montgomery County Jail.

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Montgomery County or its Sheriff. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691 (1978). There are not any specialized pleading requirements for this claim. Under Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (U.S. 1993), notice pleading is sufficient for a § 1983 claim against local governments, and no particularized pleading is required.

The Plaintiff's allegations of twenty three days of denial of any medical attention suggests the lack of any policy of Montgomery County to provide medical care for prisoners. Consequently, the Plaintiff has stated a claim against the defendants in their official capacities.

An appropriate Order is filed herewith.

**ENTERED** this the 26th day of September, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge